UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| FOREST C. HAMMOND-MARTIN, SR. | CIVIL ACTION 1:18-CV-00177 |
| VERSUS | JUDGE DRELL |
| ANTHONY J. MARABELLA, JR., JUDGE, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I. Background

Forest C. Hammond-Martin, Sr. ("Hammond-Martin"), a resident of Alexandria, Louisiana, filed a complaint pursuant to 42 U.S.C. § 1983, alleging violations of his rights under 18 U.S.C. § 1584, 18 U.S.C. § 241, the 14th Amendment, the 13th Amendment, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Louisiana Code of Criminal Procedure Articles 551-559. The named defendants are Anthony J. Marabella, Jr. ("Marabella"), Judge, Nineteenth Judicial District Court in East Baton Rouge Parish, and Hillar Moore III[1] ("Moore"), District Attorney of East Baton Rouge Parish.

Hammond-Martin contends he was wrongfully incarcerated in 1978 pursuant to a conviction entered in the Louisiana Nineteenth Judicial District in East Baton Rouge Parish. Hammond-Martin shows he received a commuted sentence (to time served) in 1980 from then-Governor Edwards (Doc. 1-2). Hammond-Martin alleges

---

[1] Hammond-Martin misspelled Moore's name as "Hillard Moore."

that Judge Marabella wrongfully denied his motion to "correct, vacate, and set aside the illegal sentence." Hammond contends that, although the record indicated that he pleaded guilty, the record showed he did not actually enter a guilty plea and was not "boykinized."[2] Hammond-Martin further alleges that he has been denied employment because the East Baton Rouge Police Department reported to his prospective employer (during a background check) that he is a convicted felon. Hammond-Martin contends Judge Marabella told his secretary to tell Hammond-Martin that he needed to talk to D.A. Moore about his claims, but Moore refused to speak with him.

Hammond-Martin seeks to have his 1973 conviction and sentence vacated and to have his criminal record expunged.

## II.   Law and Analysis

First, it is noted that a § 1983 complaint should be filed in the District Court where the complained-of events occurred. In this case, that would be the Middle District of Louisiana. However, since it is not clear whether this is a § 1983 complaint or a habeas petition, neither of which is properly before a federal court, the complaint is addressed in this Court.

A petition to have a state conviction vacated and criminal record expunged should be brought pursuant to 28 U.S.C. § 2254. However, Hammond-Martin is no longer in custody, and was not when he filed this complaint. Therefore, he does not

---

[2] See Boykin v. Alabama, 395 U.S. 238 (1969).

2

meet the "in custody" requirement for a habeas petition. See Fay v. Noia, 372 U.S. 391, 430 (1963); Carter v. Procunier, 755 F.2d 1126, 1129 (5th Cir. 1985).

Instead, Hammond-Martin filed his complaint pursuant to § 1983, although he is not seeking compensation for civil rights violations.[3] Hammond-Martin's motions to vacate a state criminal conviction and to expunge his state record cannot be brought before a federal court in a § 1983 action.

Accordingly, Hammond-Martin's complaint should be dismissed without prejudice.

### III. Conclusion

Based on the foregoing, IT IS RECOMMNEDED that Hammond-Martin's complaint be DENIED AND DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such

---

[3] Moreover, in order to recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. The Supreme Court has held the plaintiff has no cause of action under §1983, regardless of exhaustion, unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. A §1983 action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated. See Boyd, 31 F.3d at 282, citing Heck v. Humphrey, 512 U.S. 477 (1994); see also McGrew v. Texas Bd. of Pardons, 47 F.3d 158, 161 (5th Cir. 1995); Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994).

as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana on this __15th__ day of February, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge